UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH MENTER,
JONATHAN DANIELS,
JAMES DAVIS,                          Case No.: 3:17-cv-1029-J-39JBT
on behalf of themselves and all others
similarly situated,

       PLAINTIFFS

vs.

**JUDGE MARK H. MAHON,**
in his official capacity, as Chief Judge
of the Fourth Judicial Circuit of Florida,
on behalf of himself and all other Fourth
Circuit Judges and County Judges sitting
in Duval County, Florida,
**SHERIFF MIKE WILLIAMS,**
in his official capacity,
as Sheriff of the City of Jacksonville,

       DEFENDANTS

---

## PLAINTIFFS' RESPONSE TO DEFENDANT MAHON'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, Joseph Menter, Jonathan Daniels, and James Davis, file this their response to Defendant Mahon's Motion to Dismiss and Memorandum of Law in Support (Doc. 14) and as grounds thereto state:

### I.    Introduction and Background

In this 42 U.S.C. 1983 action, Plaintiffs seek to challenge certain practices and policies of the City of Jacksonville implemented through the County and Circuit Judges sitting in Duval County, as well as the Sheriff of Jacksonville concerning the pre-trial detention and release of individuals arrested for misdemeanor offenses. The practices and policies of the City of

Jacksonville in that regard violate the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Contrary to Judge Mahon's contentions

(1) Plaintiffs' claims are not moot;

(2) Judge Mahon and other judges are not entitled to absolute judicial immunity for the pre-trial detention and release orders they may issue which are in violation of the due process and equal protection clause of the United States Constitution;

(3) The *Younger* doctrine does not mandate abstention because this case does not involve ongoing state criminal proceedings which provide opportunities to litigate federal constitutional claims raised by their complaint.

However, Plaintiffs concede Count II of the Complaint is due to be dismissed.

## II. MEMORANDUM OF LAW

### A. The Named Plaintiffs' Claims are Not Moot

Defendant Judge Mahon makes the argument for dismissal that the named Plaintiffs lack "standing" to bring this class action challenge to post-arrest money bail procedures.

The Judge's argument is foreclosed by Supreme Court precedent. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). *Riverside* involved a class action in which the named plaintiffs, who were post-arrest detainees when the lawsuit was filed but who were released by the time the case was heard, alleged that the County of Riverside failed to provide prompt probable cause hearings as required by *Gerstein*. *Riverside*, 500 U.S. at 47. The County moved to dismiss the lawsuit, arguing that the plaintiffs lacked standing because they could not show that they would again be subjected to the

constitutional violation. *Id.* at 48. The Court rejected the County's argument because the plaintiffs were, when the complaint was filed, "being held in custody without having received a probable cause determination," and were then "suffering a direct and current injury as a result of this detention, and would continue to suffer that injury until they received the probable cause determination to which they were entitled." *Id.* at 51. As a result, the alleged injury [p]lainly . . . was at that moment capable of being redressed through injunctive relief." *Id.* The named Plaintiffs in this case have standing to bring their claims in the same way as did the plaintiffs in *Gerstein* and *Riverside*.[1]

The Judge appears instead to be arguing that the case is moot because the named Plaintiffs' detention is over. (Doc 14 at 9). But *Riverside* and *Gerstein* both explicitly reject that argument as well. *Riverside* acknowledged that the named plaintiffs' claims had "since been rendered moot; eventually, they either received probable cause determinations or were released," but stated that "[o]ur cases leave no doubt[ ] that by obtaining class certification, plaintiffs preserved the merits of the controversy for our review." 500 U.S. at 51 ("[T]he termination of a class representative's claims does not moot the claims of the unnamed members of the class." (quoting *Gerstein*, 420 U.S. at 110-11 n.11)). It made no difference "[t]hat the class was not certified until after the named plaintiffs' claims had become moot." *Id.* at 52. As the Court explained:

> Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires. In such cases, the "relation back" doctrine is properly invoked to preserve the merits of the case for judicial resolution.

---

[1] Defendants cite *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), in support of their standing argument, but that case is inapposite. In *Lyons*, "the constitutionally objectionable practice ceased altogether before the plaintiff filed his complaint." *Riverside*, 500 U.S. at 51. There is no dispute here that, at the time these cases were filed, the named Plaintiffs were in jail suffering the constitutional harm about which they complain. They have standing.

3

*Id.* (citations and quotation marks omitted).

*Riverside* ends the argument. At the time they filed their Complaint, Plaintiffs were in pretrial custody and suffering from violations of their Equal Protection and Due Process rights that were "at that moment capable of being redressed through injunctive relief." *Id.* at 51. The fact that each was subsequently released or sentenced does not moot the case. *Gerstein*, 420 U.S. at 110-11 n.11 ("Pretrial detention is by nature temporary.... The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'") (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)); *see also, e.g. Walker v. City of Calhoun*, 2017 WL 2794064 (N.D. Ga. 2017) (granting classwide preliminary injunction in a similar case challenging the City of Calhoun's money bail schedule practices).

### B. <u>Judge Mahon Is Not Protected By Absolute Judicial Immunity</u>

The United States Supreme Court held that state judges could be enjoined from violating the constitution in *Pulliam v. Allen*, 466 U.S. 522 (1984). In response to that case, Congress enacted a limited exception to "restore [ ]["protections for judges from "frivolous" lawsuits and "burdensome litigation." S. Rep. No. 104-366, at 36-37 (1996); *see also* 141 CONG.REC. 21, 836 1995) (statement of SEN THURMOND). The amendments thus ensure that Federal and State judges can make decisions in their judicial capacity without being "subject to cost and fee awards in cases alleging Federal Constitutional Torts." S. Rep. No. 104.366 at 37. This limitation on injunctive relief, in other words, was meant to reinstitute previously existing protections for <u>judges,</u> not introduce new protections for unconstitutional judicial pronouncements.

4

It is thus unsurprising that, in cases both before *Pulliam* and after the 1996 amendments, courts have done exactly what Defendant Mahon claims they cannot do: enjoin the enforcement of unlawful court orders. In *Due v. Tallahassee Theatres, Inc.*, for example, the Fifth Circuit Court of Appeals held in binding precedent on this Court:

> If… the sheriff, either through misunderstanding as to the scope of the order, or in excessive zeal in enforcing it, or because the order… violated the constitutional rights of the appellants, invaded appellants' constitutional rights, this could be tested out in a suit seeking to enjoin such conduct by the public officials.

333 F.2d 630, 632 (5th Cir. 1964).[2] More recently, when the Alabama Supreme Court ordered the enforcement of a state law barring same-sex marriage, contrary to the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. ct. 2584 (2015), the federal courts did not regard the state judicial order as a barrier to a preliminary injunction under §1983. *See Stawser v. Strange*, 105 F. Supp.3d 1323, 1329-1330 (S.D. Ala. 2015, aff'd *sub nom Stawser v. Alabama*, No. 15-12508, 2015 US APP. Lexis 23018 (11th Cir Oct. 20, 2015)).

Indeed, §1983 actions are exempt from the Anti-Injunction Act precisely because they "interpose[d] the federal courts between the States and the people, as guardians of the people's federal rights – to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial.' *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).

Further, as Plaintiffs have not alleged the facial unconstitutionality of Florida Statutes or Rules of Court, this Court will not require relief that is inconsistent with Florida law or the Rules of Court as written. Both Florida law and the rules provide for setting money bail, but neither requires that money bail be set in misdemeanor cases on a secured, rather than unsecured basis.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

The constitutional problem in this case arises from rigid adherence to imposing secured money bail when such practice will obviously result in, and is often intended to effect, pre-trial detention of indigent defendants charged only with misdemeanors who are eligible for release under Florida law.

### C. *Younger* Abstention Does Not Apply

Defendant Mahon argues that the Court should abstain under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). But *Younger* is entirely inapplicable because Plaintiffs have no adequate opportunity to raise their claims in their pending proceedings, and relief in this case would not interfere with those proceedings. *See ODonnell v. Harris Cty.*, 227 F. Supp. 3d 706, 734 (S.D. Tex. 2016), *Walker*, 2017 WL 2794064 at *3.

#### 1. Plaintiffs Do Not Have An Adequate Opportunity to Raise Their Fourteenth Amendment Claim in the State Proceedings.

The binding panel decision in *Pugh v. Rainwater*, 483 F.2d 778 (5th Cir. 1973), disposes of Defendant's abstention arguments. *Rainwater* held that *Younger* abstention does not bar federal court adjudication of "procedural rights" if the plaintiff "seeks to challenge an aspect of the criminal justice system which adversely affects him but which *cannot* be vindicated in the state court trial." *Id.* at 782 (emphasis original). The Fifth Circuit has never "declined to adjudicate federal questions" the panel explained, "merely because resolution of these questions would affect state procedures for handling criminal cases." *Id.* at 781. Instead, "[w]here…the relief sought is not 'against any pending or future court proceedings as such,' *Younger* is inapplicable." *Id.* at 781-82 (quoting *Fuentes v. Shevin*, 407 U.S. 67, 71 n.3 (1971)). The *Rainwater* court distinguished between a state court defendant challenging the merits of his criminal prosecution in federal court –by, for example, attempting to suppress the evidence presented in state court based on an unconstitutional search and seizure—and a federal court challenge to "an aspect of the criminal

justice system which adversely affects" him but which is unrelated to the merits of the prosecution itself. *Id.* at 892.

The Supreme Court endorsed the *Rainwater* holding in *Gerstein v. Pugh*, 420 U.S. 103 (1975), when it unequivocally concluded that the "District Court correctly held" that a federal court could impose an injunction against a state court if the injunction is "not directed at the state prosecutions" and instead enjoins a practice "that could not be raised in defense of the criminal prosecution: such as "the legality of pretrial detention without a judicial hearing." 420 U.S. at 108 n.9.

Courts have since relied on *Gerstein* to hold that *Younger* in applicable to injunctions that do not imperil the merits of a criminal prosecution or the admission of evidence at trial. In *Fernandez v. Trias Monge*, 586 F.2d 848 (1st Cir. 1978), for instance, the First Circuit relied on *Gerstein* to hold that *Younger* abstention did not bar a federal court injunction requiring an adversary probable cause hearing before a juvenile is placed in pretrial detention. 586 F.2d at 851-52. The court distinguished the plaintiff's challenge to his pretrial detention without a hearing—which could not be raised as a defense to the prosecution—from the "paradigm situation calling for *Younger* restraint," namely a challenge to the statute in which the defendant is simultaneously being prosecuted or the procedures for the admission of evidence at trial. *Id.* at 851.

*Younger* abstention is inapplicable because Plaintiffs cannot litigate their claim that the bail practices complained of here violate the Fourteenth Amendment in their trials and that, even if they could, injunctive relief would not imperil their underlying criminal prosecutions. *ODonnell*, 227 F. Supp. 3d at 734-37; *see also ODonnell v. Harris Cty*, 2017 WL 1735456, *81 n.119 (S.D. Tex. Apr. 28, 2017). To paraphrase *Rainwater*, "[i]f these plaintiffs were barred by *Younger* from this forum, what relief might they obtain in their state court trials? Since their pre-trial

incarceration would have ended as of the time of trial, no remedy would exist. Their claims to pre-trial preliminary hearings would be mooted by conviction or exoneration." *Pugh*, 483 F.2d at 782. [3]

### 2. The Supreme Court's *Younger* Analysis in *O'Shea* Does Not Require Abstention in This Case.

Defendant Mahon argues that *O'Shea v. Littleton*, 414 U.S. 488 (1974), bars all federal court challenges to state court pretrial practices because any federal court relief would impermissibly interfere with state criminal prosecutions. Defendant reads *O'Shea* too broadly, as his position would foreclose the relief that the Court provided in *Gerstein*—a case decided one year after *O'Shea*.[4]

In *O'Shea*, the Court held that *Younger* abstention was warranted because the plaintiffs sought oversight over nearly every aspect of the local criminal justice system, including law enforcement, bail, trial, and sentencing practices. The plaintiffs alleged that law enforcement and judicial officers in Cairo, Illinois made enforcement decisions based on racial animus and to discourage black residents from agitating for economic and political change. The Court correctly reasoned that federal court intervention against officials would be "unworkable" because it would

---

[3] Over the last two years, federal district courts across the country have also found that *Younger* abstention is unwarranted in nearly identical cases because the plaintiffs were not challenging the merits of their prosecution and could not raise their constitutional claims as a defense at trial or on appeal. *See, e.g. Walker v. City of Calhoun*, No. 4:15-cv-0170-HLM, 2017 WL 2794064, *3 (N.D. Ga. June 16, 2017) (abstention inappropriate because plaintiffs "would not have an adequate opportunity to raise their constitutional challenges" in the criminal proceedings); *Welchen v. Cty. of Sacramento*, No. 2:16-cv-00185-TLN-KJN, 2016 WL 5930563, *8 (E.D. Cal. Oct. 11, 2016) (abstention inappropriate because plaintiff's claims are "not a defense to the crimes which plaintiff is charged with," and do not "have any connection to those criminal charges").

[4] The Court's *Younger* analysis in *O'Shea* is arguably obiter dictum and thus not binding—as the Court decided the case on standing grounds. *See Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 385-86 (5th Cir. 1998) ("That which is 'obiter dictum' is stated only 'by the way' to the holding of a case and does not constitute an essential or integral part of the legal reasoning behind a decision.") (internal quotations omitted).

require an "ongoing federal audit" of the entire criminal justice system, including by requiring state court judges to defend "their motivations" in adjudicating individual cases. *O'Shea*, 414 U.S. at 493 n.1, 500, 510.

In *Gerstein*, however, the district court's injunction *did not* require ongoing review of state court judges' factual or legal decisions. Instead, the injunction simply added an additional procedural safeguard to protect criminal defendants' constitutional rights. The Court therefore reinforced the court's analysis in *Pugh v. Rainwater* that *Younger* abstention is not required even if the injunction would "affect state procedures for handling criminal cases,' so long as the injunctive relief would not "prejudice" the state court's "trial on the merits."
*Gerstein*, 420 U.S. at 108 n.9; *Rainwater*, 483 F.2d at 779.

*Tarter v. Hury*, 646 F.2d 1010 (5th Cir. 1981), does not support abstention either. The decision instead reflects that *Gerstein* and *O'Shea* can be reconciled. In *Tarter*, the plaintiff sought in federal court to enjoin state court judges from, *inter alia*, imposing excessive bail and from refusing to docket and hear *pro se* motions. 646 F.2d at 1011. The court held that *Younger* abstention did not prevent a federal court from requiring all *pro se* motions to be docketed and heard because such an injunction would not require "case-by-case evaluations of discretionary decisions" and would instead "add a simple, nondiscretionary procedural safeguard to the criminal justice system." *Id.* at 1013. An injunction against "excessive bail," however, would violate principles of comity because it would require "a federal court to reevaluate de novo each challenged bail decision." *Id.*

Here, Plaintiffs do not seek an injunction requiring a federal court to review individual money bail decisions, and they have not raised an Eighth Amendment claim based on excessive bail. Instead, Plaintiffs challenge the legality of their detention without an individualized inquiry

9

into their ability to pay. As in *Tarter*, *Younger* abstention is unnecessary because an injunction would not endanger individual bail decisions, but would instead, "add a simple, nondiscretionary" requirement that courts assess an arrestee's ability to pay before imposing secured money bail. *Id.*

Nor would the relief that Plaintiffs request interfere with any state court criminal prosecution or interpose the federal court's judgment for the state court's evaluation of the merits of the criminal trial. *See Conover v. Montemuro*, 477 F.2d 1073, 1082 (3d Cir. 1972) (challenge to intake proceedings did not warrant *Younger* abstention when relief requested would not substitute federal for state court fact-finding or hinder the state court's adjudicatory process).

Senior Federal District Judge Harold L. Murphy of the Northern District of Georgia stated in denying a similar *Younger* motion in a factually identical case:

> The Court also rejects Defendant's contention that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), applies here. When determining whether *Younger* abstention applies, courts ask: (1) whether the case will interfere with "an ongoing state judicial proceeding"; (2) whether "the proceedings implicate important state interests"; and (3) whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). As an initial matter, Plaintiff and the other similarly-situated individuals are not challenging the merits of their prosecutions, but rather, are challenging the legality of their pre-trial detention—an issue that cannot be raised in the criminal prosecutions. *See Gerstein*, 420 U.S. at 108 n.9 (concluding that *Younger* absention did not apply where the request for an "injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *Odonnell*, 2016 WL 7337549, at *19 ("The plaintiffs challenge the legality of detaining misdemeanor arrestees who are otherwise eligible for release pending trial or guilty plea without timely judicial consideration of the inability to pay a bail bond. Resolving this issue does not affect the merits of subsequent criminal prosecutions. The inability to pay bail cannot be raised as a defense in a subsequent criminal prosecution."). Plaintiff and the other similarly-situated individuals would not have an adequate opportunity to raise their constitutional challenges before the Municipal Court and *Younger* abstention consequently does not apply. *See Rodriguez v. Providence Cmty. Corrs., Inc.*, 155 F. Supp. 3d 758, 766 (M.D. Tenn. Dec. 17, 2015) ("The harm alleged-that

probationers do not receive inquiries into indigency as required by the Fourteenth Amendment-has been inflicted before a probationer could voice any constitutional concerns. This alleged constitutional infirmity could be remedied without affecting the underlying state court judgements. Accordingly, *Younger* abstention is inappropriate."). The Court therefore rejects this argument.

*Walker v. City of Calhoun, Georgia*, 2017 WL 2794064, *3.

This court should follow the foregoing and deny Judge Mahon's Motion to Dismiss.

### D. <u>Count II Is Due To Be Dismissed</u>

Upon consideration of the Defendants' arguments, Plaintiffs concede that this Court lacks jurisdiction over Count II of Plaintiff's Complaint. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Plaintiffs are aware that it is generally improper to request relief from the Court, such as dismissal of a claim, without a written motion. *See* Fed. R. Civ. P. 7(b)(1); Local Rule 3.01(f). However, the proper procedure for withdrawing a single claim from a lawsuit appears to require amending the Complaint pursuant to Rule 15(a). *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting 8 *Moore's Federal Practice* § 41.21[2] at 41–32.).

Since such amendment would require resubmission of Defendants' Motions to Dismiss and Plaintiffs' responses, Plaintiffs instead concede that Count II is due to be dismissed without formally requesting the court to do so. *See* Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). However, Plaintiffs are amenable to disposition of Count II through whichever procedural mechanism this Court recommends.

### III. Conclusion

For the reasons stated above, Plaintiffs have standing to seek relief and their claim is not barred by abstention or judicial immunity. For these reasons, Judge Mahon's Motion to Dismiss should be denied.

Respectfully submitted,

/s/ Wm. J. Sheppard
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:     (904) 356-9667
Email:          sheplaw@att.net
COUNSEL FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2017, a true copy of the foregoing was served upon the following by Electronic Mail to:

**Jacob Payne, Esq.**
**Office of the General Counsel**
**117 W. Duval St., Suite 480**
**Jacksonville, FL 32202**
**jpayne@coj.net**

William Stafford, Esq.
Office of the Attorney General
PL-01-The Capitol
400 S. Monroe Street
Tallahassee, FL  32399
Williams.stafford@myfloridalegal.com


John Phillips, Esq.
Office of General Counsel
117 w. Duval St., Suite 480
Jacksonville, FL  32202
jphillips@coj.net

_____
ATTORNEY