**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH MENTER, JONATHAN
DANIELS, JAMES DAVIS,

    Plaintiffs,

v.     Case Number: 3:17-cv-1029-J-39JBT

JUDGE MARK H. MAHON,
SHERIFF MIKE WILLIAMS,

    Defendants.
_____/

**SHERIFF WILLIAMS' REPLY TO PLAINTIFFS'**
**RESPONSE TO MOTION TO DISMISS**

Defendant, SHERIFF MIKE WILLIAMS, pursuant to the Court's Order (Doc. 27), files this reply to Plaintiffs' Response (Doc. 23) to Sheriff Williams' Motion to Dismiss and Incorporated Memorandum of Law (Doc. 13).

**A.**     **Monell Policy or Custom**

Plaintiffs concede that Sheriff Williams is not "responsible for fixing the amount of bail in Duval County or promulgating the misdemeanor bail schedule." (Doc. 23, p.9). Plaintiffs contend that § 1983 relief is available anyway because Sheriff Williams "…knowingly enforces the unconstitutional bail policies set by the Defendant Judges." (Id.). These allegations are not sufficient to satisfy the policy or custom requirement of Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978). First, the allegation that Sheriff Williams "knowingly enforces" an unconstitutional policy lacks the "plausibility" required under Twombly and Iqbal.[1] Neither the Supreme Court nor the Eleventh Circuit has held that bail policies like those allegedly employed in Duval County are unconstitutional. Certainly, the judges of Duval County do not believe what

---

[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 569 (2007) (holding a complaint must allege factual matter, which, accepted as true, is sufficient to "state a claim to relief that is plausible on its face" and "raise[s] a right to relief above the speculative level"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

they do is unconstitutional. Plaintiffs do not explain how Sheriff Williams could plausibly *know* the undecided legal conclusion that the judges' practices regarding setting monetary bail for indigent misdemeanor defendants violates the Equal Protection and Due Process Clauses of the Constitution when no precedent says so.

Second, Sheriff Williams' "policy" of not being declared in contempt of court for routinely ignoring court orders setting bail is not the sort of policy that should result in § 1983 liability. The only actual policy here is mandated by lawful judicial orders. Sheriff Williams has no authority to embark upon his own bail policy regardless of judicial orders he must obey. Imagine a mediation being conducted in this case: Sheriff Williams would be no more than a spectator. He is powerless to enter into any settlement on his own, let alone one that could bind the state-court judges. And, presumably, Plaintiffs do not contemplate that this Court would issue an injunction giving Sheriff Williams the authority to overrule a judge's bail determination. Rather, all of the declaratory and injunctive relief Plaintiffs seek can be obtained from—and only from—the defendant judges.[2] There is no legitimate reason for Plaintiffs to have the Sheriff in this lawsuit.

Plaintiffs cite Anela v. City of Wildwood, 790 F.2d 1063 (3d Cir. 1986), for the proposition that a municipal policy can exist whenever municipal police officers follow a bail schedule promulgated by a state judge. Anela does not stand for this proposition. The plaintiffs in Anela had been arrested for violating an anti-noise ordinance. Id. at 1064. The state's rules of criminal procedure required the police to release the plaintiffs after booking by issuing summonses to appear. Id. at 1066. The police did not follow this rule and instead followed the

---

[2] Plaintiffs make a passing reference (Doc. 23, p. 10) to § 903.34, Florida Statutes, which states: "In criminal actions instituted or pending in any state court, *bonds given by defendants* before trial until appeal shall be approved by a committing trial court judge or the sheriff. Appeal bonds shall be approved as provided in s. 924.15" (emphasis added). The statute relates to accepting bonds given by the defendant, not setting the amount of the bond. It does not give Sheriff Williams the authority to fix monetary bail.

bail schedule set by a municipal judge (a state official). Id. The Third Circuit concluded that the decision to disregard the applicable state rule and instead follow the bail schedule amounted to a policy of the city for purposes of Monell. Id. Thus, in Anela, the policy decision *not to follow binding state law* satisfied the Monell requirement.

Seven Circuit Courts of Appeal, including the Eleventh Circuit, have recognized that a local government cannot be liable under § 1983 for policies created by another government actor over which it has no control.[3] Against these decisions, Plaintiffs rely on the distinguishable decision of New Jersey district court in Davis v. City of Camden, 657 F. Supp. 396 (D.N.J. 1987). The plaintiff in Davis was strip searched as part of her intake into the county jail pursuant to a state regulation requiring that all newly admitted inmates be strip searched regardless of cause. Id. at 398. After noting there was "little authority on the issue," the district court held that a Monell policy had been established, notwithstanding the fact that the county said it was following the mandates of state law. Id. at 402. But the county's claim was dubious; the record established that the county later modified the supposedly mandated policy on its own. Id. at 402. Moreover, Davis is factually distinguishable because conducting a strip search was something the county sheriff had authority to do. Fixing bail is nothing like the decision to conduct a strip search. Sheriff Williams has no discretion to determine bail, modify bail set by the court, or release a defendant notwithstanding the court-imposed bail. Unlike strip searching, fixing bail is not a JSO function. It may have made sense to keep the police in the case in Davis as a remedy for the policy because a succinct injunction telling the police not to routinely strip search all

---

[3] Turquitt v. Jefferson Cty., Ala., 137 F.3d 1285 (11th Cir. 1998) (en banc); Powell v. Barrett, 496 F.3d 1288 (11th Cir. 2007), vacated on other grounds by, 541 F.3d 1298 (11th Cir. 2008); Pompey v. Broward Cty., 95 F.3d 1543 (11th Cir. 1996); Collins v. Homestead Corr. Inst., 452 Fed. Appx. 848 (11th Cir. 2011); Synder v. King, 745 F.3d 242 (7th Cir. 2014); Vives v. City of New York, 524 F.3d 346 (2d Cir. 2008); Whitesel v. Sengenberger, 222 F.3d 861 (10th Cir. 2000); Bethesda Lutheran Homes & Servs., Inc. v. Leean, 154 F.3d 716 (7th Cir. 1998); Eggar v. City of Livingston, 40 F.3d 312 (9th Cir. 1994); Woods v. City of Michigan City, 940 F.2d 275 (6th Cir. 1991); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980). Note that all these but one post-date Davis.

3

arrestees could have been entered. Conversely, having Sheriff Williams in this case makes no sense.

Plaintiffs attempt to distinguish the Eleventh Circuit decisions in <u>Turquitt</u>, <u>Powell</u>, <u>Familias Unidas</u> (former Fifth Circuit), <u>Pompey</u>, and <u>Collins</u> because "Plaintiffs are not attempting to hold the county liable for the actions of a state employee, but are suing the Sheriff directly for unconstitutional detentions that he and his agents have directly carried out." (Doc. 23, p.13). However, § 1983 liability (including liability for injunctive relief) cannot be predicated solely on allegations that municipal actors committed unconstitutional acts. Again, municipal liability attaches only where municipal policy or custom caused the constitutional injury.

The Eleventh Circuit decisions are each on point. <u>Turquitt</u> holds that "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control. A local government must have power in an area in order to be held liable for an official's acts in that area." 137 F.3d at 1292. Again, Sheriff Williams does not control how state judges set bail and, therefore, has no power to create policy in that area.

The Eleventh Circuit's decision in <u>Powell</u> recognizes that § 1983's causation element is not satisfied by allegations a county "knew or should have known" of an allegedly unconstitutional practice of another governmental entity over which it has no control. 496 F.3d at 1319–20. The panel concluded that the board of county commissioners' "policy" of committing arrestees to a jail operated by the county sheriff (a state actor) even though they "knew or should have known" that the sheriff would subject the arrestees to unconstitutional strip searches was not the "moving force" behind the alleged constitutional violations committed by the sheriff. <u>Id.</u> Thus, even if it could be assumed that Sheriff Williams had a "policy" of enforcing court orders that he "knew or should have known" were unconstitutional, that policy is

4

not the "moving force" behind the alleged constitutional violation. The alleged constitutional violation is fixing monetary bail without considering ability to pay.

The former Fifth Circuit in <u>Familias Unidas</u> held that a county official's enforcement of an allegedly unconstitutional state law does not create a county policy under <u>Monell</u>. 619 F.2d at 404. The court observed that a Texas county court judge's implementation of a state statute, "much like that of a county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute, for which the citizens of a particular county should not bear singular responsibility." <u>Id.</u> Similarly, Sheriff Williams should not bear responsibility for complying with state-court judges' bail orders.

Plaintiffs attempt to distinguish <u>Pompey</u> and <u>Collins</u> by saying that these were cases in which "plaintiffs attempted to hold municipalities liable for the acts or omissions of state employees." (Doc. 23, p.13 n.6)  Yet this is exactly what Plaintiffs attempt to do here.  In <u>Pompey</u>, the Eleventh Circuit held that plaintiffs failed to state a § 1983 claim for failing to appoint counsel for indigent fathers in child support contempt proceedings because the county did not have the duty or the authority to do so; "that duty and authority was the courts' alone." 95 F.3d at 1553.  Similarly, in <u>Collins</u> the plaintiffs had not established a causal connection between the alleged policy and the injury because the allegedly inhumane inmate evacuation policies were fixed by the state. 452 Fed. Appx. at 851. Plaintiffs have not alleged a causal connection between a conscious policy choice by Sheriff Williams and the alleged constitutional injury of setting monetary bail without regard to ability to pay.

Plaintiffs do not address the many other cases Sheriff Williams cited (Doc. 13, p.21, n.13), which show that no <u>Monell</u> policy is created by enforcement of the mandatory directives of another branch of government. <u>Snyder v. King</u>, 745 F.3d 242, 249 (7th Cir. 2014) (no county

policy where state statute compelled removal of incarcerated convicts from voter rolls); Vives v. City of New York, 524 F.3d 346, 353 (2d Cir. 2008) (state laws mandating enforcement by municipal police officers is not a "conscious choice" for purposes of establishing municipal policy); Whitesel v. Sengenberger, 222 F.3d 861, 872 (10th Cir. 2000) (county cannot be liable for implementing a policy created by the state judiciary); Bethesda Lutheran Homes & Servs., Inc. v. Leean, 154 F.3d 716, 718 (7th Cir. 1998) (no policy where municipality acted under compulsion of state law); Eggar v. City of Livingston, 40 F.3d 312, 326 (9th Cir. 1994) (no city policy created by judicial decisions regarding indigent defendants' rights); Cain v. City of New Orleans, 2016 WL 2849498, at * 7 (E.D. La. May 13, 2016) (plaintiff failed to allege policy for police executing facially valid judicial warrants even though plaintiff alleged police "know or should know" warrants are unconstitutional); Green v. Mayfield, 2009 WL 230161, at * 3 (N.D. Tex. Jan. 29, 2009) (plaintiff challenging bail as excessive failed to allege a policy against sheriff where setting bail was a purely judicial function).

Plaintiffs attach significance to the fact that they are not seeking monetary damages. However, the Monell policy or custom requirement also applies to § 1983 claims seeking only injunctive relief. Los Angeles Cty. v. Humphries, 562 U.S. 29, 39 (2010). Plaintiffs' reliance on Brenner v. Scott, 999 F. Supp. 2d 1278 (N.D. Fla. 2014), is misplaced because Brenner was an Ex Parte Young-type action, not a § 1983 claim.

Lastly, Plaintiffs' reliance on state habeas cases is misplaced. Whether Florida law requires the sheriff to be named as a defendant in state habeas proceedings says nothing about whether Sheriff Williams can be liable under § 1983. Sheriffs are nominal defendants in state habeas cases because of the nature of the writ of habeas corpus—a command to the person "having the body" of the petitioner to release him. An appellate court's decision to grant a writ

of habeas corpus must necessarily be directed to the party having custody of the prisoner; no such necessity is present here. Presumably Plaintiffs do not mean to suggest that they seek relief in the nature of a writ of habeas corpus, as they have not alleged exhaustion of state remedies. See, 28 U.S.C. § 2254(b)(1)(A) (federal habeas relief requires exhaustion of state remedies).

**B.    Pullman Abstention**

Plaintiffs argue Pullman abstention is inapplicable because the Florida Constitution, statute, and rule governing pretrial release are not ambiguous. Article I, section 14 of the Florida Constitution provides that (with certain inapplicable exceptions): "[E]very person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on *reasonable conditions*." Art. I, § 14, Fla. Const. (emphasis added). Nothing in the Florida Constitution, statute, or rule delineates the pretrial release conditions that come within the range of constitutionally permissible "reasonable conditions." Nor has Sheriff Williams located a Florida Supreme Court decision addressing whether fixing monetary bail in excess of a misdemeanor defendant's ability to pay is *per se* unreasonable. But see Dyson v. Campbell, 921 So. 2d 692, 693 (Fla. 1st DCA 2006) (holding monetary bond not *per se* unreasonable where defendant testifies he cannot afford it). Because it does not appear the Florida Supreme Court has interpreted the Florida Constitution on this issue, Florida law is unsettled and potentially dispositive, and a ruling from Florida's highest court may make a federal constitutional ruling unnecessary. Thus, the requirements for Pullman abstention are present.[4]

The cases cited in Plaintiffs' response are distinguishable. The comment cited in the overruled decision in Hydrick v. Hunter, 500 F.3d 978, 987, n.6 (9th Cir. 2007), vacated on other grounds, 556 U.S. 1256 (2009), was mere dicta in a footnote in a federal due process case, and

---

[4] Plaintiffs also argue that Pullman abstention is unwarranted because they intend to dismiss their state constitutional claim in Count II. Dismissal of the state-law claim does not mean the issues raised in that claim are settled.

7

thus not similar to the instant matter. Unlike the "reasonable conditions" standard of the Florida Constitution, the state statute challenged in Duke was not susceptible to more than one interpretation. Duke v. James, 713 F.2d 1506, 1511 (11th Cir. 1983). BT Investment Managers is distinguishable because, unlike the federal Constitution, the Florida Constitution contains a standard (reasonableness) by which to review conditions of pretrial release. BT Inv. Managers v. Lewis, 559 F.2d 950, 954 (5th Cir. 1977) (holding the fact that "a state statute can be challenged under essentially identical state and federal constitutional provisions" is not a basis for Pullman abstention).[5]

**C.     Younger Abstention**

Plaintiffs argue Younger abstention is improper because they did not have an adequate opportunity to raise their constitutional claims in their state-court proceedings. Plaintiffs rely on Pugh v. Rainwater, 483 F.2d 778 (5th Cir. 1973), rev'd in part by, Gerstein v. Pugh, 420 U.S. 103 (1975), which involved a challenge to the Florida practice of denying a pretrial probable cause hearing for defendants charged by prosecutor's information. The former Fifth Circuit noted that if the federal court were to abstain, the defendants' challenge would be "mooted by conviction or exoneration." Id. at 782. But this was because there was no procedural way in the criminal proceeding for a defendant to contest the denial of a probable cause hearing prior to trial. Id. Plaintiffs, however, were afforded multiple opportunities to argue their constitutional issues: when bond was set at first appearance; via motion in the trial court to reduce bond; and via petition for writ of habeas corpus to the appellate court. Fla. R. Crim. P. 3.131.[6] See Pompey

---

[5] See Reetz v. Bozanich, 397 U.S. 82 (1970) (holding case in which interpretation of a specific provision of Alaskan constitution would obviate the federal constitutional issue was "classic case" for Pullman abstention); Askew v. Hargrave, 4010 U.S. 476 (1971) (reversing and remanding for district court to consider whether to abstain where Florida's Millage Rollback statute had been challenged as unconstitutional under Florida's constitution).

[6] The availability of procedures in the state court proceeding in which to raise Plaintiffs' constitutional issues distinguishes Fernandez v. Trias Monge, 586 F.2d 848, 851–53 (1st Cir. 1978), cited by Plaintiffs. The decision in Walker v. City of Calhoun, 2017 WL 2794064 (N.D. Ga. June 16, 2017), also cited by Plaintiffs, does not elaborate on why the court believed the plaintiffs did not have an adequate opportunity to raise their claims.

v. Broward Cty, 95 F.3d 1543, 1550–51 (11th Cir. 1996) (distinguishing Gerstein where plaintiffs had state-court procedures available to raise their constitutional issues).

Plaintiffs attempt to distinguish O'Shea v. Littleton, 414 U.S. 488 (1974), by arguing that they merely seek to insert a "simple, nondiscretionary procedural safeguard" into the pretrial release process in Duval County. (Doc. 23, pp. 7–8 (quoting Tartar v. Hury, 646 F.2d 1010 (5th Cir. 1981) and O'Shea, 414 U.S. at 493 n.1, 500, 510)). Plaintiffs drastically understate the impact of the relief they request. Plaintiffs do not merely seek to require the state court to conduct a hearing (as in Pugh) or docket pro se motions (as in Tartar). Florida law already requires the state court to conduct a hearing and consider the defendant's "financial resources" when determining conditions of pretrial release. § 903.46(2)(c), Fla. Stat.; Fla. R. Crim. P. 3.131(b)(3). In fact, the Complaint alleges correctly that each Plaintiff was found to be indigent at their first appearance. (Compl. ¶¶ 18–20; see also Defendant's Composite Exhibit 1, showing that each of the named Plaintiffs was found to be indigent at First Appearance, and thus their indigency was known to the presiding judge when bond was set.) Rather, as discussed in Sheriff Williams' motion to dismiss (Doc. 13, p. 9), the relief Plaintiffs seek would effectively permit an immediate de facto federal "appeal" of bail decisions, which would be an enormous interference with state prosecutions and a violation of principles of comity and federalism. Pompey, 95 F.3d at 1549 (holding plaintiffs really wanted to force state courts to conduct a "more thorough inquiry" into plaintiffs' ability to pay child support, which would be an "affront to comity").[7]

---

[7] The former Fifth Circuit in Tartar actually supports abstention. The court distinguished between an injunction that merely required the state court clerk to docket pro se motions and one that enjoined the imposition of excessive bail. 646 F.2d at 1013. The former merely required a "simple, non-discretionary procedural safeguard"; whereas, the latter "would require a federal court to reevaluate de novo each challenged bail decision," which, the court reasoned, was just the sort of unconstitutional interference with state criminal proceedings prohibited in O'Shea. Id. Conover v. Montemuro, 477 F.2d 1073 (3d Cir. 1972), is distinguishable because Plaintiffs effectively seek a means to replace state-court bail decisions (which involve consideration of various factors) with those of a federal court.

DATED this 5th day of January, 2018.

**OFFICE OF GENERAL COUNSEL**

*/s/ Jon R. Phillips*
Jon R. Phillips
Deputy General Counsel
Florida Bar No. 273813
Jacob J. Payne
Assistant General Counsel
Florida Bar No. 0639451
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1837 (Telephone)
(904) 630-1316 (Facsimile)
jphillips@coj.net
jpayne@coj.net
*Counsel for Sheriff Williams*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

*/s/ Jon R. Phillips*
Jon R. Phillips
Deputy General Counsel
Florida Bar No. 273813
Jacob J. Payne
Assistant General Counsel
Florida Bar No. 0639451
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1837 (Telephone)
(904) 630-1316 (Facsimile)
jphillips@coj.net
jpayne@coj.net
*Counsel for Sheriff Williams*

# COMPOSITE EXHIBIT 1

IN THE CIRCUIT OR COUNTY COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

STATE OF FLORIDA

VS.

Menter, Joseph

DIVISION: M by F

CASE NO.: 17-21857

### ORDER DETERMINING ELIGIBILITY FOR COURT-APPOINTED COUNSEL

The above-named defendant appearing before the Court, and said defendant having executed an affidavit of insolvency and financial statement, testimony having been taken by the Court, and the Court being otherwise fully advised in the premises, it is, thereupon,

_✓_ **ORDERED AND ADJUDGED** that the defendant be declared indigent and that the Office of the Public Defender for the Fourth Judicial Circuit of Florida is hereby appointed to represent said defendant.

_✓_ **ORDERED AND ADJUDGED** that the defendant shall pay an application fee in the amount of $50.00 to the Clerk of the Circuit Court in Room 1223 for misdemeanor cases and Room 2136 for felony cases, Duval County Courthouse, 501 W. Adams Street, Jacksonville, Florida 32202 no later than seven days from the date of this order. If the fee is not paid by that date, the Court will inquire of the defendant concerning the circumstances of the nonpayment. The Court may then order the fee to be paid forthwith or include the fee in any lien subsequently filed in this case.

____ **ORDERED AND ADJUDGED** that pursuant to section 27.512, Florida Statutes, the defendant is charged with a violation of a municipal ordinance or a misdemeanor, the defendant will not be imprisoned if convicted in this case; and, there being no legal requirement for the appointment of counsel, the said defendant has been advised that he/she may proceed without counsel, or, with retained counsel of the defendant's choice.

DONE AND ORDERED this 30 day of AUG, 20 17

_James Ruth_
CIRCUIT/COUNTY JUDGE

FILED
AUG 30 2017
Ronnie W. Ansell
CLERK CIRCUIT COURT

WHITE COPY - CLERK     YELLOW COPY - PUBLIC DEFENDER     PINK COPY - DEFENDANT

PS-2507

IN THE CIRCUIT OR COUNTY COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

STATE OF FLORIDA

VS.

Davis, James

DIVISION: PByh

CASE NO.: 17 LiMO13441

### ORDER DETERMINING ELIGIBILITY FOR COURT-APPOINTED COUNSEL

The above-named defendant appearing before the Court, and said defendant having executed an affidavit of insolvency and financial statement, testimony having been taken by the Court, and the Court being otherwise fully advised in the premises, it is, thereupon,

✓ **ORDERED AND ADJUDGED** that the defendant be declared indigent and that the Office of the Public Defender for the Fourth Judicial Circuit of Florida is hereby appointed to represent said defendant.

✓ **ORDERED AND ADJUDGED** that the defendant shall pay an application fee in the amount of $50.00 to the Clerk of the Circuit Court in Room 1223 for misdemeanor cases and Room 2136 for felony cases, Duval County Courthouse, 501 W. Adams Street, Jacksonville, Florida 32202 no later than seven days from the date of this order. If the fee is not paid by that date, the Court will inquire of the defendant concerning the circumstances of the nonpayment. The Court may then order the fee to be paid forthwith or include the fee in any lien subsequently filed in this case.

____ **ORDERED AND ADJUDGED** that pursuant to section 27.512, Florida Statutes, the defendant is charged with a violation of a municipal ordinance or a misdemeanor, the defendant will not be imprisoned if convicted in this case; and, there being no legal requirement for the appointment of counsel, the said defendant has been advised that he/she may proceed without counsel, or, with retained counsel of the defendant's choice.

FILED
SEP 2 5 2017

**DONE AND ORDERED** this 25th day of September, 2017

_____
CIRCUIT/COUNTY JUDGE

WHITE COPY - CLERK    YELLOW COPY - PUBLIC DEFENDER    PINK COPY - DEFENDANT

PS-2507

IN THE CIRCUIT OR COUNTY COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

STATE OF FLORIDA

VS.

Daniels, Jonathan

DIVISION: P by JV-C

CASE NO.: 17-21915

### ORDER DETERMINING ELIGIBILITY FOR COURT-APPOINTED COUNSEL

The above-named defendant appearing before the Court, and said defendant having executed an affidavit of insolvency and financial statement, testimony having been taken by the Court, and the Court being otherwise fully advised in the premises, it is, thereupon,

✓ **ORDERED AND ADJUDGED** that the defendant be declared indigent and that the Office of the Public Defender for the Fourth Judicial Circuit of Florida is hereby appointed to represent said defendant.

✓ **ORDERED AND ADJUDGED** that the defendant shall pay an application fee in the amount of $50.00 to the Clerk of the Circuit Court in Room 1223 for misdemeanor cases and Room 2136 for felony cases, Duval County Courthouse, 501 W. Adams Street, Jacksonville, Florida 32202 no later than seven days from the date of this order. If the fee is not paid by that date, the Court will inquire of the defendant concerning the circumstances of the nonpayment. The Court may then order the fee to be paid forthwith or include the fee in any lien subsequently filed in this case.

___ **ORDERED AND ADJUDGED** that pursuant to section 27.512, Florida Statutes, the defendant is charged with a violation of a municipal ordinance or a misdemeanor, the defendant will not be imprisoned if convicted in this case; and, there being no legal requirement for the appointment of counsel, the said defendant has been advised that he/she may proceed without counsel, or, with retained counsel of the defendant's choice.

**DONE AND ORDERED** this 27 day of Aug, 2017

CIRCUIT/COUNTY JUDGE

FILED
AUG 27 2017
CLERK CIRCUIT COURT

WHITE COPY - CLERK     YELLOW COPY - PUBLIC DEFENDER     PINK COPY - DEFENDANT

PS-2507