# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

JOSEPH MENTER, et al.,

    Plaintiffs,

v.                                                             CASE NO. 3:17-cv-1029-BJD-JBT

JUDGE MARK MAHON, et al.,

    Defendants.

_____/

## DEFENDANT MAHON'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Judge Mark Mahon, hereby responds to Plaintiffs' Notice of Supplemental Authority, ECF No. 44, as follows:

In their notice, Plaintiffs bring to the Court's attention the recent Fifth Circuit opinion issued in *ODonnell v. Harris County, Texas,* No. 17-20333, 2018 WL 851776 (5th Cir. Feb. 14, 2018). Plaintiffs argue that *ODonnell* supports their opposition to Judge Mahon's Motion to Dismiss, ECF No. 14, because it affirmed the district court's findings: (1) that county judges were not entitled to judicial immunity under 42 U.S.C. § 1983; and (2) that *Younger* abstention did not apply. Judge Mahon respectfully submits that *ODonnell* should not be considered persuasive authority for either proposition in this case.

First, the determination in *ODonnell* that judicial immunity did not apply arose in the context of a discussion of municipal liability under 42 U.S.C § 1983.[1] Under this theory, the county would be liable for the actions of judicial officers taken in their policymaking, but not their judicial, capacities. *ODonnell,* 2018 WL 851776 at *4. Municipal liability is not at issue in the instant case.

In fact, in the district court case under review in *ODonnell,* the court found that the county judges were immune from injunctive relief under 42 U.S.C. § 1983. *ODonnell 1,* 251 F.Supp.3d at 1155. Judge Mahon makes the same argument in the instant case. Judge Mahon, and the other Duval County circuit and county judges in the putative defendant class, are sued in their judicial capacities because of the judicial determinations they make regarding bail and pretrial release.

Second, *ODonnell's* determination that *Younger* abstention did not apply was based, in large part on its finding that "[t]he injunction sought by ODonnell seeks to impose nondiscretionary procedural safeguards," which will not require federal intrusion into pre-trial decisions on a case-by-case basis. *ODonnell,* 2018 WL 851776 *at* *5 (citation and quotation omitted). The relief sought by Plaintiffs in the instant case includes "[a]n order preliminarily enjoining the Defendants from

---

[1] *ODonnell v. Harris Cty. Tex.,* 251 F.Supp.3d 1052, 1148 (S.D. Tex. 2017) (*"ODonnell 1"*) ("[a] local government may be sued under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the plaintiffs' injury" (citation and quotation omitted))

2

imposing secured financial conditions of release without first providing an inquiry into an arrestee's present ability to pay money bail and making findings that an arrestee has the present ability to pay any monetary amount set" and "[a]ny other order . . . to . . . enjoin Defendants . . . from implementing and enforcing a system of wealth-based detention that keeps arrestees in jail solely because they cannot afford to pay money bail amounts imposed without first providing an inquiry into and making findings concerning the person's present ability to pay the sum." ECF No. 1 at 21.  As the relief Plaintiffs pray for in this case goes well beyond simple "nondiscretionary procedural safeguards," the comity and federalism concerns underlying *Younger* counsel abstention in this case.  *See O'Shea v. Littleton.* 414 U.S. 488, 501 (1974) ("[a]n injunction of the type contemplated by respondents . . . would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in Younger").

Respectfully Submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

*/s/ William H. Stafford III*
William H. Stafford, III
Senior Assistant Attorney General
Fla. Bar No.: 70394
Office of the Attorney General
Civil Litigation
The Capitol - PL 01
Tallahassee, FL 32399-1050
Telephone:   (850) 414-3785
Facsimile:    (850) 488-4872
*Counsel for Defendant Mahon*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically with the court using CM/ECF on February 23, 2018, and thereby served on Bryan E. DeMaggio, Esq., Camille Elizabeth Sheppard, Esq., Elizabeth Louise White, Esq., Jesse B. Wilkison, Esq., Matthew R. Kachergus, Esq., and William J. Sheppard, Esq., Sheppard, White, Kachergus, & DeMaggio PA, 215 Washington Street, Jacksonville, Florida 32202, *counsel for Plaintiffs;* via email to sheplaw@att.net; and Jon R. Phillips, Esq. and Stephen J. Powell, Esq., Office of the General Counsel for the City of Jacksonville, Florida, 117 W Duval St Ste 480 Jacksonville, FL 32202-5721, *counsel for Defendant Williams,* via email to jphillips@coj.net and spowell@coj.net.

*/s/ William H. Stafford III*

4